IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| RODNEY HARPER, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 07-2412-B/V |
| DILLARD'S, | ) ) ) | |
| Defendant. | ) ) | |

ORDER DENYING MOTION FOR LEAVE TO AMEND
AND
ORDER DENYING MOTION TO ISSUE SUMMONSES

On June 13, 2007, Plaintiff Rodney Harper filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., along with an incomplete application seeking leave to proceed in forma pauperis. The Court issued an order on September 25, 2007 directing Plaintiff, within thirty (30) days, to file a properly completed in forma pauperis affidavit or pay the civil filing fee, and Plaintiff complied with that order on October 24, 2007. On October 31, 2007, the Court issued an order that, inter alia, granted leave to proceed in forma pauperis and directed the Clerk to issue process for, and the marshal to effect service on, the defendant, Dillard's, Inc. ("Dillard's").

On November 14, 2007, Plaintiff filed two motions. The first motion, entitled "Request to Amend Complaint" (Docket Entry ("D.E.") 7), sought leave to amend the complaint to add, as additional defendants, the Equal Employment Opportunity Commission ("EEOC"); Naomi C. Earp, the Chairwoman of the EEOC; EEOC Investigator Demetrica L. Seymour; Jay Norris, an Assistant Store Manager at Dillard's; and James Hayse and Ana Ortega, Dock Workers at Dillard's.

Pursuant to Fed. R. Civ. P. 15(a), a plaintiff is entitled to amend his complaint once as of right before a responsive pleading is filed. However, the Court is required to screen <u>in</u> <u>forma</u> <u>pauperis</u> complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Plaintiff's proposed amendment fails to state a claim on which relief may be granted.

The complaint contains no factual allegations about any of the proposed new defendants. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." <u>Spruytte v. Walters</u>, 753 F.2d 498, 500 (6th Cir. 1985).

The complaint also fails to state a claim as to proposed defendants Norris, Hayse, and Ortega, because there is no remedy under the employment discrimination laws against a co-worker or supervisor in his or her individual capacity. <u>Hiler v. Brown</u>, 117 F.3d 542, 545-46 (6th Cir. 1999); <u>Wathen v. General Electric Co.</u>, 115 F.3d 400, 405 (6th Cir. 1997).

The complaint also fails to state a claim as to proposed defendants EEOC, Earp, and Seymour. Pursuant to 42 U.S.C. § 2000e-5(f)(1), aggrieved persons are authorized to commence civil suits "against the respondent named in the charge." The term "respondent" means "an employer, employment agency, labor organization, joint labor-management committee controlling apprenticeship or other training or retraining program, or Federal entity subject to section 20003-16 of this title." 42 U.S.C. § 2000e(n). This definition appears to exclude the EEOC, as Plaintiff was not an employee of the EEOC who contends that the agency discriminated against him in a manner prohibited by Title VII. Nothing in Title VII authorizes private suits for damages against the EEOC, its Chairwoman, or its investigator. <u>See</u> 42 U.S.C. §§ 2000e-2 & -3 (enumerating prohibited practices).

The motion for leave to amend is DENIED, as the proposed amendment fails to state a claim on which relief may be granted. As leave to amend has been denied, the motion to issue separate summonses is DENIED as moot.

IT IS SO ORDERED this 4th day of December, 2007.

> s/ J. DANIEL BREEN
> UNITED STATES DISTRICT JUDGE