IN THE UNITED STATES DISTRICT COURT,
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RODNEY HARPER,

    Plaintiff,

vs.                                                   No. 07-2412-AV

DILLARD'S,

    Defendant.

REPORT AND RECOMMENDATION ON DEFENDNAT'S MOTION TO DISMISS

Before the court is the August 15, 2008 motion of the defendant, Dillard's, pursuant to Rules 37(b)(2) and 41 of the Federal Rules of Civil Procedure, to dismiss the complaint of the plaintiff, Rodney Harper, as a sanction for failing to comply with the court's discovery order of June 24, 2008, requiring Harper to serve responses to Dillard's discovery requests within ten days of entry of the order. The motion was referred to the United States Magistrate Judge for a report and recommendation. Harper has failed to respond to the motion to dismiss within the time period for response. For the reasons that follow, it is recommended that Dillard's motion to dismiss the complaint be granted.

Dillard's served its first set of interrogatories and request for production of documents on Harper on January 28, 2008. Harper failed to respond to Dillard's written discovery requests. On May 30, 2008, Dillard's moved to compel Harper to respond to its interrogatories and requests for production of documents. Harper

did not respond to the motion to compel. The court granted the motion to compel June 24, 2008, stating that Harper should fully and completely respond to the discovery requests within ten days of entry of the order. Harper failed to respond to Dillard's discovery requests as ordered by the court. (Def.'s Mot. to Dismiss 2-3.) On August 15, 2008, Dillard's filed this present motion to dismiss the complaint as a sanction for failing to comply with the court's order to provide discovery responses. Harper's response to the motion was due on September 17, 2008, but Harper did not file a responsive pleading to Dillard's motion to dismiss.

If a party fails to serve answers to interrogatories or to produce documents after proper service of discovery requests, the court may order sanctions. FED. R. CIV. P. 37(d). Such orders include the imposition of any of the sanctions listed in Rule 37(b)(2)(A)(i) – (vi), among which is dismissal of the action in whole or in part. FED. R. CIV. P. 37(d). The Sixth Circuit regards the sanction of dismissal under Rule 37 for failure to cooperate in discovery to be "the sanction of last resort." *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). Dismissal may be imposed "only if the court concludes that a party's failure to cooperate is due to willfulness, bad faith, or fault." *Reg'l Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 153-54 (6th Cir. 1988). In determining whether to dismiss an action for failure to cooperate in discovery, the court should consider (1)

whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that his conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997); *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

Dismissal of Harper's complaint is an appropriate sanction. All four factors of the Sixth Circuit's test are satisfied. First, Harper's failure to respond to the interrogatories and request for documents is due to his own willfulness and fault. To dismiss an action *with* prejudice under Rule 37, the Sixth Circuit has held that the first factor is satisfied only if "a clear record of delay or contumacious conduct" exists. *Freeland*, 103 F.3d at 1277. In the present action, Harper has had ample time, over eight months, to respond to Dillard's discovery requests. Harper, however, failed to respond to Dillard's requests, to file a response to the motion to compel, to comply with the court's order, and finally, failed to even respond to the motion to dismiss. This course of conduct constitutes a clear record of delay and evidences Harper's willful behavior in not responding.

Second, Dillard's has been prejudiced because it has been unable to move forward in its trial preparation without Harper's

3

responses to its discovery requests. Furthermore, Harper's failure to respond has forced Dillard's to waste time, money, and effort in pursuit of information that Harper was obligated to provide.

Third, Harper was clearly and definitively warned by the court that failure to comply with the court's order would lead to sanctions. The court's June 24, 2008 order firmly stated that failure to comply would result in dismissal of the complaint.

Finally, less drastic remedies would be ineffective. Harper has exhibited a disregard for Dillard's repeated requests for discovery and has shown contempt for an order of this court. In light of those facts, alternative remedies would be ineffective.

Dismissal is also appropriate under Rule 41 for failure of Harper to comply with this court's order. Rule 41(b) provides:

> If the plaintiff fails to prosecute *or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or for failure to join a party under Rule 19 - operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b) (emphasis added). Here, Harper has failed to comply with the Rules and an order of the court but has not offered any justification for his failure. Harper was sufficiently warned that failure to comply with the court's order would result in dismissal of his complaint.

Accordingly, it is recommended that Dillard's motion to dismiss be granted and that Harper's complaint be dismissed with

4

prejudice.

Respectfully submitted this 27th day of October, 2008.


s/ Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE